Lindsey H. Morales, NV Bar No. 11519
Buckley Madole, P.C.
1635 Village Center Circle, Suite 130
Las Vegas, NV 89134
Telephone: 702-487-6997
Fax: 702-487-6997
Lindsey.Morales@BuckleyMadole.com
Attorney for Secured Creditor

Electronically filed on July 29, 2016

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA, LAS VEGAS DIVISION

| In re:<br><br>Rubilyn M. Fernando,<br><br><br><br><br><br><br><br><br>Debtor. | Case No. 16-13250-LED<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br><u>Confirmation Hearing</u>:<br>Date:  9/8/2016<br>Time: 1:30 PM<br>Place: Third Floor<br>         Foley Federal Building<br>         300 Las Vegas Boulevard South<br>         Las Vegas, NV, 89101 |
|---|---|

**TO THE HONORABLE LAUREL E. DAVIS, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE, AND OTHER INTERESTED PARTIES:**

Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 or Bosco Credit II Trust Series 2010-1 ("Secured Creditor"), as serviced by Franklin Credit Management Corporation ("Franklin Credit"), hereby objects to the confirmation of the Debtor's Chapter 13 Plan in the above-captioned matter. Secured Creditor is a party in interest as the holder of a secured claim and therefore has standing to object to the Debtor's Chapter 13 Plan. Secured Creditor objects to the Debtor's Chapter 13 Plan on the following grounds:

1.  **Secured Creditor's claim relating to the Property.** At the time of the bankruptcy petition filing, Secured Creditor's claim was in the approximate amount of $182,192.41, including arrearage in the amount of $94,580.45. Secured Creditor's claim is a residential second lien secured by the real property commonly known as 2324 Scissortail Court, North Las Vegas, Nevada 89084 (the "Property"). Secured Creditor is in the process of preparing its Proof of Claim and will file it on or before the Proof of Claim filing deadline of October 31, 2016.

2.  **Pursuant to 11 U.S.C. §1322(b)(5), the plan fails to provide for the curing of the default and maintenance payments on Secured Creditor's claim which final payment is due after the proposed final payment under the plan.** Debtor has omitted Secured Creditor's claim. Therefore, Debtor has failed to provide for the curing of the default in the amount of $94,580.45. Further, Debtor has failed to provide for the maintenance payments on Secured Creditor's claim of $182,192.41 either directly or through the Trustee plan payments. Secured Creditor has satisfied its grounds for objection under 11 U.S.C. §1322(b)(5).

3.  P**ursuant to 11 U.S.C. §1325(a)(3), the plan is not proposed in good faith.** The Debtor's proposed plan consists of a "face sheet" filing that fails to provide for any creditors or debt reorganization. Secured Creditor has satisfied its grounds for objection under 11 U.S.C. §1325(a)(3).

CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for Secured Creditor's claim and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Debtor's proposed Chapter 13 Plan be denied and the case be dismissed.

///

///

///

**WHEREFORE**, Secured Creditor respectfully requests that:

1. Confirmation of Debtor's Chapter 13 Plan be denied and the case be dismissed; or, converted to a case under Chapter 7; or,

2. That the Court order the Debtor's Plan be amended in accordance with this Objection, and;

3. For other such relief as the Court deems just and proper.

Dated: 7/29/2016

Respectfully Submitted,
Buckley Madole, P.C.

By:  *Lindsey H. Morales*
LINDSEY H. MORALES